2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT
                                                     CA No.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ERICK EASON,                                    *      09-1479 E
                                                *
                Plaintiff                       *
                                                *
v.                                              *
                                                *
ANTHONY ALEXIS, JAMES CONLEY, THOMAS            *
SULLIVAN, CITY OF BOSTON POLICE                 *
DEPARTMENT, and EDWARD DAVIS, in his capacity   *
as COMMISSIONER of the BOSTON POLICE            *
DEPARTMENT,                                     *
                                                *
                Defendants                      *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 1983 against the Boston Police

Department and several of its officers for civil rights violations and common law torts, arising

out of the beating and use of excessive force upon plaintiff Eason, illegal stopping and

searching and unlawful detention and prosecution inflicted by Boston Police Officers Anthony

Alexis, James Conley and Thomas Sullivan of plaintiff Erick Eason without probable cause

starting on February 9, 2007.

Defendant Officers Alexis, Conley and Sullivan violated the State and Federal civil

rights of plaintiff Erick Eason by beating, using excessive force upon plaintiff, illegally

stopping and searching plaintiff, falsely imprisoning plaintiff and otherwise tortiously injuring

the plaintiff. Defendants Alexis, Conley and Sullivan then further violated the State and

Federal civil rights of plaintiff Eason by wrongfully seeking a criminal complaint against him,

charging and prosecuting him with crimes in order to hide and cover up their wrongful arrest,

and other civil rights violations.

The claims against the Boston Police Department and its Commissioner arise from the failure to train, supervise and discipline defendant Officers Alexis, Conley and Sullivan, thereby giving them the message that they could misuse their authority as police officers and that such conduct would be tolerated or ignored.

### PARTIES

1. Plaintiff Erick Eason, at all times relevant hereto, is an individual with a usual residence in Dorchester, Massachusetts, entitled to protections of the United States Constitution and the Massachusetts Declaration of Rights.

2. The defendant, Boston Police Department is an agency of the Commonwealth of Massachusetts and was the employer of defendants Anthony Alexis, James Conley and Thomas Sullivan at all times pertinent hereto.

3. Defendant Edward Davis in his capacity as Commissioner of the Boston Police Department, all times relevant hereto, was duly appointed and an acting officer of the Boston Police Department.

4. Defendants Anthony Alexis, James Conley and Thomas Sullivan, at all times relevant hereto, were duly appointed and acting officers of the Boston Police Department, acting under the color of law.

### STATEMENT OF FACTS

5. Between approximately 9 p.m. and 10 p.m. on February 9, 2007 Officers Alexis, Conley, and Sullivan responded to a radio call related to a "person with a gun" inside a multi-unit residential building at 214 Harvard Street, Dorchester, Massachusetts.

6. As Officers Alexis, Conley, and Sullivan responded to the radio call, Mr. Eason exited the door of the residential building, where he was visiting family.

-2-

7. Plaintiff Eason was not a subject of the police call, was not carrying a gun and was not violating the law.

8. The defendants Alexis, Conley and Sullivan had no evidence to suspect Mr. Eason of committing a crime, besides the fact that he is a black male.

9. The defendants Alexis, Conley and Sullivan did not have probable cause to stop and detain Mr. Eason.

10. When plaintiff Eason exited the apartment building, the defendant Officers Alexis, Conley and Sullivan without warning and without probable cause tackled him.

11. Plaintiff Eason had made no attempt to run from the police, who were never in pursuit of him.

12. When defendants Alexis, Conley and Sullivan tackled Mr. Eason, they caught Mr. Eason's foot caught in the stairway railing, causing a severe broken bone. The officers then used further excessive force to subdue Mr. Eason causing him additional physical injuries.

13. The defendant officers Alexis, Conley and Sullivan then demanded plaintiff Eason give them a gun, to which Mr. Eason truthfully responded that he did not have a gun.

14. The defendant officers Alexis, Conley and Sullivan ignored plaintiff Eason's cries of pain and his pleas to stop inflicting injury on him, and placed him in handcuffs and then rolled him over, inflicting further injuries on plaintiff Eason's already bruised and injured person.

15. After unlawfully detaining and seriously injuring plaintiff Eason, the defendant officers Alexis, Conley and Sullivan told the plaintiff's mother that Mr. Eason had "fallen" down the stairs.

-3-

16. Although they called an ambulance for plaintiff Eason, officers Alexis, Conley and Sullivan took plaintiff Eason to the hospital in custody, with an officer riding in the ambulance with him.

17. The defendant officers Alexis, Conley and Sullivan recognized a need to cover up their unlawful stop, search and seizure of plaintiff Eason, and, to this end, they fabricated events which defendant Alexis later related in a police report.

18. The defendant officers Alexis, Conley and Sullivan, through defendant Alexis's police report, alleged that the fabricated collision of plaintiff Eason with defendant Conley was an "assault and battery" committed by plaintiff Eason on defendant Conley.

19. Further attempting to cover up the unlawfulness of their stop and search of plaintiff Eason by suggesting that he had "run" from them, defendant officers Alexis, Conley and Sullivan fabricated statements allegedly made by plaintiff Eason, claiming that, while handcuffed and in the ambulance, the plaintiff made a cell phone call or calls in which he said he was "going to jail because he ran from the cops" and that unknown persons should "wash his shirts" because he was "going away for a while."

20. The defendant officers Alexis, Conley and Sullivan did not have probable cause to place plaintiff Eason under arrest for any reason, let alone for assault and battery of a police officer.

21. The defendant officers Alexis, Conley and Sullivan maliciously filed and pursued a charge of assault and battery of a police officer against plaintiff Eason, based on the fabrications in their police report, to cover up their improper arrest and assault and battery on the plaintiff and to intimidate the plaintiff from seeking recourse for the wrongful arrest and injury.

-4-

22. The criminal charge against plaintiff Eason of assault and battery on a police officer was dismissed at a clerk's hearing on August 7, 2007.

23. Plaintiff Eason suffered a loss of his liberty for at least three (3) days, and severe physical injuries, as well as great pain, suffering and mental and emotional distress and significant monetary damages due to the conduct of the defendant officers Alexis, Conley and Sullivan as well as that of the Boston Police Department.

24. Plaintiff Eason incurred legal fees and other costs to defend himself against the criminal charge of assault and battery in court.

## STATEMENT OF CLAIMS

## COUNT I

## ASSAULT and BATTERY - DEFENDANTS ALEXIS, CONLEY

## and SULLIVAN

25. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

26. Defendants Alexis, Conley and Sullivan used excessive force against, assaulted, battered, and beat plaintiff Erick Eason.

27. As a direct and proximate result of the beating of plaintiff Eason by defendants Alexis, Conley and Sullivan, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT II

## FALSE ARREST - DEFENDANTS ALEXIS, CONLEY and SULLIVAN

28. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

-5-

29. Defendants Alexis, Conley and Sullivan falsely arrested plaintiff Erick Eason.

30. As a direct and proximate result of the false arrest of plaintiff Eason by defendants Alexis, Conley and Sullivan , plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT III

### MALICIOUS PROSECUTION - DEFENDANTS ALEXIS, CONLEY and SULLIVAN

31. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

32. The individual defendants caused criminal process to issue and sought prosecution of plaintiff Eason as described herein without probable cause, and with the malicious purpose of covering up their wrongful conduct in beating, using excessive force against and falsely arresting the plaintiff and intimidating the plaintiff from seeking recourse for the wrongful conduct of the defendants.

33. As a direct and proximate result of the malicious prosecution of plaintiff Eason by the individual defendants Alexis, Conley and Sullivan, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages, attorney fees and other damages.

## COUNT IV

### ABUSE OF PROCESS - DEFENDANTS ALEXIS, CONLEY and SULLIVAN

34. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

-6-

35. By instituting the criminal prosecution of the plaintiff based on the wrongful arrest of the plaintiff, defendants Alexis, Conley and Sullivan employed the legal process for purposes for which it was not intended, to wit, to cover up the wrongful beating and arrest of the plaintiff and to discourage the plaintiff from seeking redress.

36. As a direct and proximate result of said abuse of process by defendants Alexis, Conley and Sullivan, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT V

### FALSE IMPRISONMENT - DEFENDANTS ALEXIS, CONLEY and SULLIVAN

37. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

38. Defendants Alexis, Conley and Sullivan falsely imprisoned the plaintiff.

39. As a direct and proximate result of the acts of defendants Alexis, Conley and Sullivan, plaintiff Eason was deprived of his liberty, was caused physical and mental suffering, was subjected to great humiliation and suffered monetary and other damages.

## COUNT VI

### INFLICTION OF EMOTIONAL DISTRESS - DEFENDANTS ALEXIS, CONLEY and SULLIVAN

40. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

-7-

41. The conduct of defendants Alexis, Conley and Sullivan described herein, including denying the plaintiff his civil rights, beating and falsely imprisoning him, was outrageous beyond the bounds of human decency and beyond that which a civilized society would tolerate, and defendants Alexis, Conley and Sullivan knew or should have known that said conduct would inflict severe emotional distress upon the plaintiff.

42. The plaintiff in fact suffered manifestations of mental and emotional distress, monetary damages and other damages as a result of said outrageous conduct of defendants Alexis, Conley and Sullivan.

## COUNT VII

### VIOLATION OF 42 U.S.C. § 1983 - DEFENDANTS ALEXIS,

### CONLEY and SULLIVAN

43. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

44. The conduct of defendants Alexis, Conley and Sullivan described in part herein violated plaintiff's Federal civil rights, including but not limited to the right against illegal search and seizure, the right to be free fro, excessive force, the right to due process of the law, the right to be free from unlawful arrest and prosecution without probable cause, the right to equal protection under the law and the right to security of the person.

45. Defendants Alexis, Conley and Sullivan violated the plaintiff's civil rights while acting under color of law.

-8-

46. As a direct and proximate result of the violations of plaintiff Eason's Federal civil rights by defendants Alexis, Conley and Sullivan, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

## COUNT VIII

### VIOLATION OF M.C.R.A. ch. 12 § 11I - DEFENDANTS

### ALEXIS, CONLEY and SULLIVAN

47. The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

48. By beating, arresting and falsely imprisoning the plaintiff, defendants Alexis, Conley and Sullivan violated the civil rights of the plaintiff as guaranteed by the United States Constitution and the Massachusetts Declaration of Rights, including but not limited to, the right to be free from unreasonable searches and seizures, the right to due process of the law, the right of equal protection under the law, the right to be free from unlawful arrest and prosecution without probable cause, and the right to security in one's person, causing damage for which the plaintiff is entitled to recover.

49. The defendants further intimidated the plaintiff by their malicious wrongful prosecution of the plaintiff.

50. Said conduct by defendants Alexis, Conley and Sullivan violated the plaintiff's civil rights by threats, intimidation or coercion.

51. As a direct and proximate result of the violations of plaintiff Eason's civil rights by defendants Alexis, Conley and Sullivan, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

-9-

## COUNT IX

### NEGLIGENCE - DAVIS and BOSTON POLICE DEPARTMENT

52.  The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

53.  The Boston Police Department and Edward Davis as Commissioner, owed the plaintiff a duty to exercise reasonable care in hiring, training and supervising its police department.

54.  The Boston Police Department and Edward Davis as Commissioner breached their duty by failing to properly hire, train and supervise the Individual defendants.

55.  As a direct and proximate result of the negligence of the Boston Police Department and its Commissioner, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

56.  Demand was made on the Chief Executive Officers of the defendant Boston Police Department, Boston Massachusetts pursuant to M.G.L. ch. 258 in April of 2008, which demand has not been met by a reasonable offer of settlement.

## COUNT X

### VIOLATION OF 42 U.S.C. § 1983 - DAVIS and BOSTON POLICE DEPARTMENT

57.  The plaintiff reavers and realleges each of the preceding paragraphs as if specifically restated herein.

58.  Defendants, Boston Police Department and its Commissioner's policies or customs fail to train, supervise, investigate and discipline police officers properly and reasonably.

-10-

59. These policies or customs evinced a deliberate indifference on the part of the Boston Police Department and its Commissioner to the constitutional rights of plaintiff Eason and to all persons present in the Commonwealth.

60. By delivering a message to defendants Alexis, Conley and Sullivan that there would be no departmental sanctions for engaging in misconduct, these policies or customs of the Boston Police Department and its Commissioner caused the deprivation of plaintiff Eason's Federal civil rights, including but not limited to the right against unreasonable searches and seizures, the right to due process of the law, the right to be free from unlawful arrest and prosecution without probable cause, the right to equal protection under the law and the right to security of the person.

61. As a result of the violation of plaintiff Eason's civil rights caused by defendants, the Boston Police Department and its Commissioner, plaintiff Eason was deprived of his liberty and was caused physical and mental suffering, great humiliation, monetary damages and other damages.

WHEREFORE, the plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorneys fees, punitive damages and interest as he is entitled by law.

## PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.

Respectfully submitted,
Plaintiff by his counsel,

Date: 3-5-09

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

I HEREBY ATTEST AND CERTIFY ON
August 6, 2009 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

eason/complaint

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

-11-

## VERIFICATION OF COMPLAINT

I have read each of the allegations set forth in the complaint herein and attest and verify the truth of each allegation.  Signed and sworn under pains and penalties of perjury this _____5th_____ day of ~~February~~, 2009.
March

Erick Eason

eason\complaint

-12-