UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERICK EASON,
     Plaintiff,

     v.                              CIVIL ACTION NO.
                                     09-11278-PBS

ANTHONY ALEXIS, JAMES CONLEY,
THOMAS SULLIVAN, CITY OF BOSTON,
and EDWARD DAVIS, in his capacity
as Commissioner of the Boston
Police Department,
     Defendants.

**REPORT AND RECOMMENDATION RE:**
**MOTION TO DISMISS COUNTS IX AND X OF PLAINTIFF'S COMPLAINT**
**(DOCKET ENTRY # 8)**

**August 19, 2010**

**BOWLER, U.S.M.J.**

     Pending before this court is a motion to dismiss counts IX and X filed by defendants City of Boston ("City of Boston") and Boston Police Commissioner Edward Davis ("Davis") (collectively: "defendants"). (Docket Entry # 8). Count IX alleges negligence under Massachusetts General Laws Chapter 258 ("chapter 258") against the City of Boston and Davis. (Docket Entry # 19). Count X sets out a violation of 42 U.S.C. § 1983 ("section 1983") by the City of Boston and Davis. (Docket Entry # 19). Plaintiff Erick Eason ("plaintiff") opposes dismissal of the counts. (Docket Entry # 17).

<u>PROCEDURAL BACKGROUND</u>

Defendants filed the motion to dismiss counts IX and X on September 10, 2009. (Docket Entry # 8). They maintain that to the extent Count IX is treated as a claim against the City of Boston, it should be dismissed because chapter 258, section 10(j) ("section 10(j)"), provides immunity for claims based on negligence for failing to adequately train or supervise employees. (Docket Entry # 9). Additionally, defendants argue that plaintiff's negligent hiring claim within Count IX is legally insufficient to survive a motion to dismiss. (Docket Entry # 9). Defendants finally argue that to the extent Count X is treated as a claim against the City of Boston, it should be dismissed because the amended complaint fails to assert a proper section 1983 claim against the City of Boston.[1] (Docket Entry # 9).

---

[1] Defendants also argue that counts IX and X should be dismissed because plaintiff failed to name the City of Boston as a defendant. (Docket Entry # 9). Plaintiff's motion to amend the complaint to add the City of Boston as a defendant was allowed on October 22, 2009. Thus, defendants' argument with respect to the proper defendants named in counts IX and X is unavailing.

Plaintiff filed the amended complaint after defendants filed the motion to dismiss counts IX and X. Because an amended complaint supercedes the original complaint, see <u>Snyder v. Pascack Valley Hospital</u>, 303 F.3d 271, 276 (3rd Cir. 2002) ("amended complaint supersedes the original version in providing the blueprint for the future course of the litigation"); <u>Massey v. Helman</u>, 196 F.3d 727, 735 (7th Cir. 1999), this court construes the motion as seeking to dismiss the same counts in the amended complaint.

STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), a court "accept[s] as true all well pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty International Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). "The general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.

"To survive a motion to dismiss, the complaint must allege 'a plausible entitlement to relief.'" Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008). While "detailed factual allegations" are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 550 U.S. 554, 555 (2007); Maldonado v. Fontanes, 563 F.3d 263, 266 (1st Cir. 2009); Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008). Additionally, "a well-pleaded complaint may succeed even if . . . actual proof of those facts are improbable." Bell Atlantic v. Twombly, 550 U.S. at 556.

3

FACTUAL BACKGROUND

On February 9, 2007, as plaintiff was exiting a multi-unit residential building at 214 Harvard Street in Dorchester, Boston Police Department officers defendant Anthony Alexis ("Alexis"), defendant James Conley ("Conley") and defendant Thomas Sullivan ("Sullivan") (collectively "the officers") tackled plaintiff and handcuffed him while responding to a call for a "person with a gun" inside the building. (Docket Entry # 19). The officers tackled plaintiff while he was exiting the building after visiting with family. (Docket Entry # 19). Plaintiff did not possess a gun. (Docket Entry # 19). Plaintiff did not attempt to run from the police and during the physical altercation plaintiff suffered a broken bone and additional physical injuries. (Docket Entry # 19). After the officers handcuffed plaintiff and while he was on the ground, the officers rolled him over causing physical injuries. (Docket Entry # 19). The officers called an ambulance for plaintiff and took him to the hospital in custody with an accompanying officer in the ambulance. (Docket Entry # 19).

After injuring plaintiff, the officers told plaintiff's mother that plaintiff had "fallen" down the stairs. (Docket Entry # 19). In a police report, Alexis stated that plaintiff began the physical altercation by committing assault and battery on Conley. (Docket Entry # 19). The officers additionally

4

stated that plaintiff ran from the officers and stated that he
was "going to jail because he ran from the cops" and that he was
"going away for awhile."  (Docket Entry # 19).  Additionally, the
officers filed and pursued a charge of assault and battery
against a police officer against plaintiff based on the officers'
statements regarding the incident.  (Docket Entry # 19).  The
charge against plaintiff was dismissed on August 7, 2007.
(Docket Entry # 19).


DISCUSSION

I.  Negligence Under Massachusetts Tort Claims Act (Count IX)

     Defendants contend that the allegation of negligence against
the City of Boston regarding the hiring, training, and
supervision of the officers should be dismissed because under
section 10(j) municipalities are not liable for claims based on
negligence in failing to adequately train or supervise its
employees.  (Docket Entry # 9).  Although section 10(j) does not
bar claims for negligent hiring, defendants also argue that
plaintiff has not alleged any facts in support of such a claim.
(Docket Entry # 9).

     In Count IX, plaintiff claims that the City of Boston and
Davis owed plaintiff a duty to exercise reasonable care in
hiring, training and supervising members of its police
department.  (Docket Entry # 19).  Plaintiff further claims that

5

the City of Boston and Davis breached that duty by failing to properly hire, train and supervise the officers, resulting in the deprivation of plaintiff's liberty and damages.  (Docket Entry # 19).

Municipalities are not liable for negligence resulting from the "failure to act to prevent the violent or tortious conduct of a third person, unless it 'originally caused' the 'condition or situation' that resulted in the harmful consequence." Ward v. City of Boston, 367 F.Supp.2d 7, 14 (D.Mass. 2005).  The intention behind section 10(j) "is to preclude liability . . . for failures to prevent or diminish harm." Id.  In order to be an "'original cause,' there must be 'an affirmative act (not a failure to act) by a public employer that creates the condition or situation that results in harm inflicted by a third party.'" Id.  Additionally, "'the act must have materially contributed to creating the specific condition or situation that resulted in the harm.'" Id.

A claim is not barred by section 10(j) where there is "something more than the pure failure to alleviate a private harm" and "some involvement of a public employee in creating the initial injury-causing scenario, not simply a failure to respond adequately after it arises." Id. at 15.  Without such "something more," however, section 10(j) bars failure to train or supervise claims because they "are all claims based on the failure to

prevent or mitigate a harm, rather than participation in the
initial injury-causing circumstance." Id. at 16.

The negligent training and supervising claims against the
City of Boston and Davis are bereft of misconduct other than a
generalized statement vis-à-vis a failure to train or supervise.
The negligent failure to train or supervise claims in Count IX
are therefore subject to dismissal. See, e.g., Ward v. City of
Boston, 367 F.Supp.2d at 16 (holding claims of failure to train
or supervise were barred by section 10(j) because they were
"based on the failure to prevent or mitigate a harm, rather than
participation in the initial injury-causing circumstance"); Doe
v. D'Agostino, 367 F.Supp.2d at 177 (holding failure to supervise
claim was barred because it was "based on the failure to prevent
or mitigate a harm, rather than participation in the initial
injury-causing circumstance").

Plaintiff claims that the City of Boston was negligent in
hiring, training and supervising the officers. (Docket Entry #
19). Negligent hiring claims are not barred by section 10(j).
Doe v. D'Agostino, 367 F.Supp.2d 157, 177 (D.Mass. 2005).
Although the negligent hiring claim is not barred by section
10(j), there are no factual details regarding the claim in the
amended complaint. Plaintiff merely states that the City of
Boston "failed to properly hire" the officers. (Docket Entry #
19). As currently pled, the negligent hiring claim does not

survive the motion to dismiss.  See Bell Atlantic v. Twombly, 550 U.S. at 555 (successful claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); Maldonado v. Fontanes, 563 F.3d 263, 266 (1st Cir. 2009); Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).

## II.   Municipal Liability Under Section 1983 (Count X)

Defendants argue that Count X should be dismissed because plaintiff failed to allege a proper section 1983 claim against the City of Boston.  (Docket Entry # 9).  Defendants suggest the allegations are insufficient because they fail to state any facts regarding an official municipal policy or custom.  (Docket Entry # 9).  According to defendants, plaintiff's contention in the amended complaint that "policies or customs fail to train, supervise, investigate and discipline police officers properly and reasonably" is factually insufficient to state a section 1983 claim.  (Docket Entry # 9).

In Count X, plaintiff claims that the City of Boston and Davis maintain a policy or custom of "no departmental sanctions for engaging in misconduct" for police officers.  (Docket Entry # 19).  Plaintiff additionally claims that this policy or custom caused the deprivation of his civil rights when the officers

tackled him, causing physical and mental suffering.  (Docket
Entry # 19).

"Municipal liability is not vicarious."  <u>Estate of Bennett
v. Wainwright</u>, 548 F.3d 155, 177 (1st Cir. 2008).
"Municipalities can be held liable only if municipal employees
commit unconstitutional acts and those actions are shown to have
been caused by a 'policy or custom' of the government."  <u>Id.</u>
"Such custom 'must be so well settled and widespread that the
policymaking officials of the municipality can be said to have
either actual or constructive knowledge of it yet did nothing to
end the practice.'"  <u>Id.</u>

"With respect to a failure to train claim, only if the
'municipality's failure to train its employees in a relevant
respect evidences a deliberate indifference to the rights of its
inhabitants can such a shortcoming be properly thought of as a
city policy or custom that is actionable under § 1983.'"  <u>Id.</u>  To
survive a motion to dismiss, a complaint must specify "at least
minimal allegations that outline such a municipal custom or
policy."  <u>Luthy v. Proulx</u>, 464 F.Supp.2d 69, 74 (D.Mass. 2006).
"Evidence of a single event alone cannot establish a municipal
custom or policy for purposes of section 1983."  <u>Arqueta v. City
of Revere</u>, 2009 WL 2462622, *1 (D.Mass. Aug. 11, 2009).

The majority of the amended complaint describes the incident
involving the officers and plaintiff outside a residential

building in Dorchester.  (Docket Entry # 19).  With respect to
the section 1983 claim, plaintiff does not merely outline the
facts surrounding the singular altercation in support of
municipal liability, as defendants contend.  Although slight in
detail, plaintiff specifically alleges a policy or custom of "no
departmental sanctions for engaging in misconduct" for the City
of Boston's police officers.  (Docket Entry # 19).  This
allegation of a specific policy or custom, if proven, would
reasonably show a failure to train, supervise, investigate and
discipline its police officers.  For the purposes of a motion to
dismiss, when combined with the factual details surrounding the
individual incident, the allegation is sufficient to survive a
Rule 12(b)(6) dismissal.  See Fabiano v. Hopkins, 352 F.3d 447,
452 (1st Cir. 2003) (noting that an allegation of an
unconstitutional policy or custom is required for municipal
liability under section 1983); Luthy v. Proulx, 464 F.Supp.2d 69,
74 (D.Mass. 2006) (allowing section 1983 claim to proceed against
municipality where plaintiff identified three specific municipal
customs or policies); cf. Argueta v. City of Revere, 2009 WL
2462622, *1 (D.Mass. Aug. 11, 2009) (allowing dismissal where the
plaintiff presented no facts to support claim of unconstitutional
municipal policy or custom); Baxter v. Conte, 190 F.Supp.2d 123,
128 (D.Mass. 2001) (allowing dismissal where the plaintiff failed
to allege a relevant municipal policy or custom).

CONCLUSION

Consistent with the foregoing discussion, this court **RECOMMENDS**[2] that the motion to dismiss (Docket Entry # 8) be **ALLOWED** with respect to Count IX of the amended complaint and **DENIED** with respect to Count X.

        /s/ Marianne B. Bowler    
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[2]  Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.