UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

```
*****************************************************
ERICK EASON,                                         *
                                                     *
                    Plaintiff                        *
v.                                                   *
                                                     *
ANTHONY ALEXIS, JAMES CONLEY, THOMAS                 *    C.A. No. 09-CV-11278-PBS
SULLIVAN, CITY OF BOSTON POLICE                      *
DEPARTMENT, and EDWARD DAVIS, in his capacity        *
as COMMISSIONER of the BOSTON POLICE                 *
DEPARTMENT,                                          *
                                                     *
                    Defendants                       *
*****************************************************
```

## MOTION TO COMPEL ANSWERS TO QUESTIONS POSED AT THE DEPOSITION OF DEFENDANT THOMAS SULLIVAN AND FOR COSTS AND ATTORNEY'S FEES

Now comes the plaintiff, and moves this Honorable Court compel the defendant Thomas Sullivan to answer questions which defense counsel improperly instructed defendant Sullivan not to answer at deposition, in clear violation of Rule 30(c)(2) of the Federal Rules of Civil Procedure. This refusal is the latest in the defendants' series of discovery abuses in this case, which includes the defendants' unsupported refusal to produce discoverable documents and defendant Sullivan's refusal to answer certain of the plaintiff's interrogatories.[1]

The plaintiff also asks that he be awarded reasonable costs and attorney's fees incurred bringing this motion as defendant Sullivan was obligated under F.R.C.P. 30 to answer these questions but refused at defense counsel's improper instruction.

---

[1] The defendants' refusal to produce documents is the subject of a pending motion to compel, filed on August 11, 2010. As the interrogatories the defendant refused to answer pertain to substantially the same subject matter as the deposition questions, the plaintiff has made no separate motion to compel answers to those interrogatories.

**BACKGROUND**

On February 9, 2007, Mr. Eason was leaving his mother's apartment at 214 Harvard Street in Dorchester, Massachusetts to go to work at Stop and Shop in Brookline. As he exited the hallway and proceeded down the stairs, he literally ran into the defendant officers, who blocked his passage, then threw him over the porch stairs railing and arrested him.

Although contact was initiated by defendant Officer Conley, after knocking Mr. Eason over the railing and breaking his ankle, the defendant officers then placed Mr. Eason under arrest, roughly handcuffing and searching him, despite the fact that Mr. Eason's ankle was clearly and obviously broken, as the bone was protruding from his flesh. To cover up their wrongful arrest and assault, the defendant officers pursued charges of assault and battery on a police officer against Mr. Eason. These charges were dismissed at a clerk's hearing.

The plaintiff filed this suit on April 7, 2009 in the Massachusetts Superior Court, alleging violations of civil rights for wrongful arrest, excessive force and malicious prosecution, pursuant to U.S.C. §1983, and other claims against the individual defendant officers and claims of negligence and for failure to train, discipline and supervise against the City of Boston under a _Monell_ theory. The defendants removed the case to this Court on July 30, 2009.

After the defendants failed to identify any documents relating to the _Monell_ claim in their Initial Rule 26 Disclosure, plaintiff, by letter dated November 12, 2009 [Exhibit A, hereto], requested that the defendants provide "the personnel files of each of the officer involved and IAD files in question" as well as a copy of the current Boston Police Department rules and procedures, all these documents being routinely produced in a _Monell_ claim.

Defendants demanded that the plaintiffs agree to a protective order maintaining confidentiality of records such as IAD reports and personnel files. Plaintiff's counsel readily agreed, assuming that this was preliminary to production of the requested documents. However, despite the protective order, defendants refused to provide any documents relevant to the *Monell* claim.

After a second letter from plaintiff, dated April 13, 2010 [Exhibit B, hereto], defendants next insisted that plaintiffs file formal Requests for Documents. Plaintiff did so, on June 2, 2010, but the defendant still refused to provide documents to any of the requests relating to the *Monell* claim, having unilaterally determined, contrary to the consensus of case law, that none of the requested documents relating to training, prior complaints or discipline were relevant. [See Defendant City of Boston's Response to Plaintiff's Request for Production of Documents, Exhibit C, hereto.]

Plaintiff then sent a lengthy letter, pursuant to Local Rule 7.1 [Exhibit D, hereto], setting forth the clear law entitling plaintiff to the materials relating to personnel files, prior discipline and prior complaints, and thereafter filed a motion to compel production of documents. [Docket No. 50]. This motion is still pending.

At the deposition of defendant Sullivan, on July 20, 2010, defendant Sullivan testified that he had several other civilian complaints in addition to the plaintiff's IAD complaint. He testified that at least one of these complaints had been under investigation at the time the defendant officers arrested Mr. Eason. However, once defendant Sullivan disclosed the existence of the several other civilian complaints, defense counsel, in violation of F.R.C.P., Rule 30(c)(2), improperly instructed defendant Sullivan not to answer to every further question regarding the other civilian complaints. [See transcript of Deposition of Thomas Sullivan, p. 32, lines 14-16; p. 34, lines 10-12; p. 103, lines 21-22, p. 104, lines 14-16, Exhibit E, hereto.]

**ARGUMENT**

**I. It is improper to instruct a deponent not to answer a question based on an objection to the relevance of the question.**

In contravention of F.R.C.P. Rule 30(c)(2), defense counsel instructed defendant Sullivan not to answer any questions regarding complaints filed against him by citizens other than the plaintiff. When asked for justification for this instruction, defense counsel stated that the question was "outside the scope of relevance." [Deposition transcript, Exhibit E, p. 32, line 13 to p. 33 Line 17, p. 34, lines 15-16]. When reminded of the rule and given another opportunity to justify the instruction not to answer questions, defense counsel reiterated that the questions were " beyond the scope of Rule 26 " and "It is my position that [this] not relevant to this action" [Exhibit E, p. 102, lines 4 and 5] See, generally, Exhibit E, p. 101 line 20 to p. 106 line 13, failing to assert any claim of privilege.

Rule 30(c)(2) of the Federal Rules of Civil Procedure, which governs objections at deposition, clearly states that "[a]n objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; testimony is taken subject to any objection." Therefore, "as a general rule, instructions not to answer questions at deposition are improper." *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Corp.*, 201 F.R.D. 33, 40 (D. Mass 2001) (quoting *Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, 729 (D. Mass 1985)).

Insofar as the defendants claim that questions regarding allegations of professional misconduct lodged against defendant Officer Sullivan are not relevant, this objection is not sufficient to justify defense counsel's instructing defendant Officer Sullivan not to answer questions at deposition. The proper course is to object to the question, then ask the court to rule

on relevance if and when the plaintiff seeks to enter defendant Officer Sullivan's answers into evidence. *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995).

**II. Instructing a deponent not to answer based on a claim of privilege is proper only when the party so advising immediately moves the court for a protective order, which the defendants did not do.**

Defense counsel, after being prompted by the plaintiff, also offered a vague and speculative assertion of "a privacy privilege" as justification for instruction defendant Officer Sullivan not to answer questions. [Deposition transcript, Exhibit E, p. 34, lines 6-21]. However, defense counsel offered no support for this claim of privilege. In fact, defense counsel appeared not to know whose privilege it was exactly, citing "privacy concerns as to the individuals involved" [*Id.* at 33, lines 7-8] already having stated generally, "I believe there is a privacy privilege, but I'm also stating it's outside the scope of relevance." [*Id.* at 34, lines 14-15].

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that a party may instruct a deponent not to answer "**only** when **necessary** to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to terminate or limit] under Rule 30(d)(3)." [emphasis added.] However, "the party who instructs the witness not to answer should *immediately* seek a protective order." *Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727, 731 (D.Mass. 1985) [emphasis in original]. The defendant has not done so.

Instead, the defendant followed the example set by the defendant in *Paparelli*, and "unilaterally directed the witness not to answer and left it to the plaintiff to bring the matter before this Court . . ." *Id.* The defendant's actions in this case, as in *Paparelli*, were "improper and in violation of the Federal Rules of Civil Procedure. Only the Court, not counsel, can order that a deposition be limited or that certain questions not be answered." *Id.*

Even if the defendants had offered support for a claim of privilege, which they did not, defense counsel's instruction to the deponent not to answer questions was improper where the defendants did not file a motion for a protective order limiting the questions that the plaintiff may ask at deposition.  The defendants have made no such motion, preferring instead to force the plaintiff to move to compel the defendant to answer the plaintiff's questions.

**III.  Where defendant's refusal to answer questions posed at deposition is contrary to well settled case law, and where the refusal has caused undue delay, plaintiff is entitled to recover his reasonable expenses, including attorney's fees, pursuant to F.R.C.P., Rule 37(a)(5)(A).**

F.R.C.P., Rule 37(a)(5)(A) states that if this motion is granted, "the Court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees".

Defense counsel's instruction to defendant Officer Sullivan not to answer the plaintiff's questions was contrary to the plain language of F.R.C.P. 30(c)(2) and well established case law.  Plaintiff's counsel took pains to point this out during the deposition itself.  [Exhibit E, pp. 171, lines 3-5].  Thus defense counsel was made aware that he had no right to unilaterally decide whether his client would answer the questions posed by the plaintiff and persisted in his groundless and unjustified instruction to the deponent not to answer the questions.

## CONCLUSION

Defense counsel improperly instructed the deponent, defendant Officer Sullivan, not to answer questions.  As justification, defense counsel offered only a vague and unspecified claim of a privacy privilege and an objection that the answers sought were "not relevant to this action".

This instruction not to answer deposition questions based entirely on an objection as to the relevance of the questions is absolutely unsupportable according to the plain language of F.R.C.P. Rule 30(c)(2).

Where the defendant City refused to accept the plain language of the Federal Rules of Civil Procedure and the well established body of case law, the plaintiff was left with no recourse but to file this motion to obtain discovery which is relevant, necessary and material to both his underlying claim and his *Monell* failure to supervise claim [as is argues in his Motion to Compel Production of Documents, Docket Entry #50], in response to the defendant's unsupported and obstructive refusal to answer questions at deposition.  In so doing, the plaintiff was obliged to incur needless attorney's fees.

Accordingly, the plaintiff requests not only that this court order the defendant to answer the plaintiff's deposition questions relating to prior complaints, but also to pay the plaintiff's costs incurred in making this motion, including plaintiff's reasonable attorney's fees.

                                                                        Plaintiff by counsel,


Date: August 26, 2010                           /s/ Andrew M. Fischer
                                                Andrew M. Fischer
                                                BBO# 167040
                                                JASON & FISCHER
                                                47 Winter Street, #4
                                                Boston, MA 02108
                                                (617) 423-7904

CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that a copy of this motion was served upon the attorneys of record for each other party by filing through the CM/ECF system on August 26, 2010.

                                                                        /s/ Andrew M. Fischer

eason/mtncompelDepoAnswersDraft2