**UNITED STATES DISTRICT COURT**
**FOR THE COMMONWEALTH OF MASSACHUSETTS**

**CIVIL ACTION NO. 09-CV-11278-NMG**

---

ERICK EASON
      Plaintiff,

v.

ANTHONY ALEXIS, JAMES CONLEY,
THOMAS SULLIVAN, CITY OF BOSTON and
EDWARD DAVIS in his capacity as
COMMISSIONER of the BOSTON POLICE
DEPARTMENT,
      Defendants.

---

**DEFENDANT, ANTHONY ALEXIS'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT AND**
**OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Boston Police Officer Anthony Alexis ("Officer Alexis") submits the following memorandum of law in support of his Motion for Summary Judgment and in opposition to Plaintiff's Motion for Summary Judgment against him.

**I.**      **INTRODUCTION & FACTUAL BACKGROUND**

In his Second Amended Complaint ("Complaint"), the Plaintiff, Erick Eason ("Plaintiff") asserts the following claims against the individual police officer Defendants, including Officer Alexis: assault and battery (Count I), false arrest (Count II), malicious prosecution (Count III), abuse of process (Count IV), false imprisonment (Count V), intentional inflection of emotional distress (Count VI), and claims pursuant to 42 U.S.C. § 1983 (Count VII), and M.G.L. c. 12, § 11I, the "Massachusetts Civil Rights Act" ("MCRA") (Count VIII).  For the reasons set forth below, Officer Alexis is entitled to summary judgment on all claims against him as alleged in Counts I through VIII of the Complaint.  For these same reasons, Officer Alexis respectfully

requests that this Court deny the Plaintiff's Motion for Summary Judgment against him.  Officer Alexis incorporates by reference the facts set forth in the <u>Defendants' Local Rule 56.1 Statement of Facts</u>.

## II.      <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . .show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  A party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists.  <u>Nat'l Amusements, Inc. v. Town of Dedham</u>, 43 F.3d 731, 735 (1st Cir. 1995), cert. denied, 515 U.S. 1103 (1995).  Once the movant has made such a showing, the non-movant must point to specific facts demonstrating that there is, indeed, a trial worthy issue.  <u>Id.</u>

A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law," <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000), and a "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party."  <u>Triangle Trading Co. v. Robroy Indus.</u>, Inc., 200 F.3d 1, 2 (1st Cir. 1999) (<u>quoting</u> <u>Smith v. F.W. Morse & Co.</u>, 76 F.3d 413, 428 (1st Cir. 1996)).  "Conclusory allegations, improbable inferences, and unsupported speculation," are insufficient to establish a genuine dispute of fact.  <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990).

III.   <u>ARGUMENT</u>

A. **Officer Alexis Is Entitled to Summary Judgment on Plaintiff's 42 U.S.C. § 1983 Claim (Count VII).**

Officer Alexis is entitled to summary judgment on Plaintiff's § 1983 claim because Plaintiff was not unlawfully seized, unlawfully arrested, or subjected to excessive force by Officer Alexis.  Plaintiff was not seized until Officer Alexis handcuffed and conducted an arrest which was lawfully supported by probable cause.  Moreover, Officer Alexis is entitled to qualified immunity on the Plaintiff's § 1983 claim.

i. **Officer Alexis's Pursuit of the Plaintiff Did Not Constitute a Fourth Amendment Seizure.**

Plaintiff has moved for summary judgment on his § 1983 claim against Officer Alexis on the basis that Officer Alexis's pursuit and subsequent arrest of the Plaintiff violated the Fourth Amendment.  It is undisputed that Officer Alexis and Officer Sullivan were pursuing Plaintiff as Plaintiff exited the property, and ran across the porch into Officer Conley.  <u>Defendants' Local Rule 56.1 Statement of Facts and Supporting Exhibits</u> ("SOF"), at ¶¶11, 25-26.   To the extent that Plaintiff's § 1983 claim is based on the allegation that Officer Alexis unlawfully pursued him, it must be dismissed as a matter of law because a pursuit does not constitute a seizure under the Fourth Amendment.  <u>California v. Hodari D</u>., 499 U.S. 621, 626-628 (1991).  It is well established that under the Fourth Amendment, a pursuit does not constitute a seizure and that a seizure does not occur unless and until a fleeing suspect's freedom of movement has actually been restrained.  <u>Id.</u>  As such, Officer Alexis's pursuit of Plaintiff as he ran out of 214 Harvard Street did not constitute a Fourth Amendment seizure.

### ii.  Officer Alexis Had Probable Cause To Arrest the Plaintiff.

To the extent that Plaintiff's § 1983 claim is based on the allegation that Officer Alexis arrested him for a crime without probable cause, this claim is also without merit.  It is not disputed that after Plaintiff went over the stair railing and landed on the ground, Officer Alexis arrested and handcuffed the Plaintiff for violating M.G.L. c. 265, § 13D, the statute that governs an assault and battery on a public employee.  SOF at ¶¶31-32.  M.G.L. c. 265, § 13D, provides that "[w]hoever commits an assault and battery upon any public employee when such person is engaged in the performance of his duties at the time of such assault and battery, shall be punished . . . ."  M.G.L. c. 265, § 13D.  Assault and battery on a public employee does not require a showing of specific intent to strike a public employee, and may be based on either: 1) the intentional and unjustified use of force upon the person of another, however slight, or 2) the intentional commission of a wanton or reckless act causing physical or bodily injury to another.  Commonwealth. v. Correia 50 Mass. App. Ct. 455, 456 (2000).

An arresting officer has probable cause to make an arrest when the facts within his or her knowledge are sufficient to lead an ordinarily prudent officer to conclude that a crime has been committed.  Iacobucci v Boulter, 193 F.3d 14, 22 (1st Cir. 1999).  See also Logue v. Dore, 103 F.3d 1040, 1044 (1st Cir. 1997).  In determining whether there was probable cause for an arrest, the court must view the circumstances from the perspective of a reasonable person in the position of the arresting officer.  Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (citing Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 255 (1st Cir.1996)).

The Plaintiff contends that Officer Alexis lacked probable cause to arrest him for assault and battery because it would have been unreasonable for Officer Alexis to perceive the Plaintiff's act of running into Officer Conley as anything other than a mere accident.  See

Plaintiff Erick Eason's Motion For Summary Judgment ("Plaintiff's Motion") at pages 11-12.  In his Motion for Summary Judgment, the Plaintiff argues that Officer Conley's act of bracing for impact and Officer Conley's inability to move out of the way fast enough to avoid a collision with the Plaintiff should have demonstrated to Officer Alexis that the Plaintiff did not intend to run into Officer Conley.  See Plaintiff's Motion at pp. 11-12.  To this end, the Plaintiff argues that "[i]f defendant Conley did not have the time to avoid a collision with Mr. Eason, there is no reason to think that Mr. Eason had any more opportunity to avoid an accidental collision."  Id. at p.12. He further argues that "[t]here is no evidence that Mr. Eason did anything other than accidentally bump into defendant Conley or had any more ability to avoid the collision than did defendant Conley and certainly no evidence that Mr. Eason intended to collide with defendant Conley."  Id.  These arguments ignore the law, common sense and the undisputed facts regarding what Officer Alexis observed during Plaintiff's act of running into Officer Conley.

The discovery record demonstrates that based on Officer Alexis's observations of the Plaintiff's actions, Officer Alexis was more than reasonable in believing that he had probable cause to arrest the Plaintiff for assault and battery upon Officer Conley under either an intent or recklessness theory.  See SOF at ¶¶10-22, 25-27.  The undisputed factual record demonstrates that after Plaintiff pushed through the double glass doors from the lobby into the foyer, he ran straight through the length of foyer, pushed through a second set of glass double doors out onto the front porch and then ran the length of the porch straight at Officer Conley before colliding directly into Officer Conley at the top of the steps.  Id. at ¶¶10, 20-22, 25-29.  During this entire path, the Plaintiff was traveling in a straight line directly toward Officer Conley without anything obstructing his view of the approaching uniformed police officer.  Id. at ¶27.  Officers Alexis and Sullivan were able to see Officer Conley on the steps even though they were behind the Plaintiff,

whom they were pursuing.  Id. at ¶¶25-28.  It is undisputed that the Plaintiff did not make any attempt to avoid Officer Conley as Officer Conley was ascending the steps to 214 Harvard Street.  Id. at ¶¶20, 25-29.

Officer Alexis first observed Officer Conley approaching the building while Officer Alexis was pursuing Plaintiff through the foyer.  Officer Alexis observed the Plaintiff exit the foyer and move across the porch directly towards Officer Conley.  Id. at ¶¶25-26.  Officer Alexis also observed that as the Plaintiff reached the top of the steps, he ran right through Officer Conley, knocking Officer Conley backward down the entire set of steps onto the ground below.  Id. at ¶25.  Officer Conley only braced himself for impact as Plaintiff collided into him.  Id. at ¶¶20-21.  Plaintiff does not dispute any of these facts.  Rather he states that during his path through the foyer out the exterior glass doors and across the porch, he never saw Officer Conley.  Id. at ¶¶ 28-29.  Plaintiff also claims that he never saw what or whom he collided into and did not see any police officer until after he had gone over the railing and landed on the ground.  Id. at ¶ 29.  Even if Plaintiff somehow did not see officer Conley in full uniform directly in front of him as he was approaching and colliding the officer, given the undisputed facts regarding what Officer Alexis witnessed, a reasonable officer in his shoes would have been more than reasonable in believing that the Plaintiff's collision with Officer Conley constituted an intentional unjustified touching and not a mere accident.

Further, even if Officer Alexis lacked probable cause to arrest Plaintiff for committing an intentional assault and battery, he certainly had probable cause to arrest the Plaintiff under a recklessness theory.  This is because an individual can also violate M.G.L. c. 265, § 13D when he or she causes bodily injury through the intentional commission of a reckless act.  See Correia, 50 Mass. App. Ct. at 456.  "To convict under the recklessness aspect of assault and battery, the

Commonwealth must prove (1) that the defendant's conduct involve[d] a high degree of likelihood that substantial harm will result to another, or that it constitute[d] . . . a disregard of probable harmful consequences to another, and (2) that, as a result of that conduct, the victim suffered some physical injury (internal citations omitted)." Id. at 458.

It is undisputed that Officer Conley suffered a physical injury as a result of the collision. See SOF at ¶41.  And even if the Plaintiff somehow did not intend the collision that resulted, it is clear that his conduct created a high degree of likelihood that the collision would occur. Plaintiff's conduct also constituted a clear disregard of the probable consequences of his actions. Plaintiff admits that he was so reckless while exiting the building, crossing the porch and entering the steps that he did not see the uniformed Officer Conley on the steps directly in front of him, even as Plaintiff was colliding with him.  See id. at ¶¶28–29.  Given these undisputed facts, Officer Alexis also had probable cause to believe that Plaintiff committed an assault and battery on Officer Conley based on a recklessness theory.

### iii. There Are No Facts to Support a § 1983 Excessive Force Claim Against Officer Alexis.

To the extent that Plaintiff's §1983 count against Officer Alexis is based on a claim that he was subjected to excessive force, Officer Alexis is entitled to summary judgment because there are no facts in discovery which demonstrate that Officer Alexis used excessive force on the Plaintiff.  Excessive force claims are premised on the Fourth Amendment right to be free from unreasonable seizures of the person.  See U.S. Const. Amend. IV; Graham v. Connor, 490 U.S. 386, 394-95 (1989).  The Fourth Amendment is implicated where an officer exceeds the bounds of reasonable force in effecting an arrest or investigatory stop.  See Graham, 490 U.S. at 394-95. Courts determine whether "the defendant officer employed force that was unreasonable under the circumstances." Jennings, 499 F.3d at 11. See also Graham, 490 U.S. at 397.

If the Plaintiff's allegations are based on the argument that Officer Alexis used excessive force when he handcuffed and pat-frisked Plaintiff, his excessive force claim fails as a matter of law.  To be sure, the right to make an arrest carries with it the right to use some degree of force.  See Graham, 490 U.S. at 396.  And, only excessive force is actionable; "not every push or shove rises to the level of a constitutional violation."  Gaudreault v. Municipality of Salem, 923 F.2d 203, 205 (1st Cir. 1990).

Officer Alexis handcuffed the Plaintiff with his hands behind his back and pat-frisked him after applying the handcuffs.  SOF at ¶¶31, 33.  In a § 1983 action against police officers, "[l]iability may be found only if there is personal involvement of the officer being sued." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (citation omitted).  The undisputed factual record does not support any claim that Officer Alexis used excessive force when he handcuffed and pat-frisked the Plaintiff, or at any time during his interaction with the Plaintiff. Officer Alexis is, therefore, entitled to summary judgment on Plaintiff's § 1983 claim (Count VII).  Also, the Plaintiff's Motion for summary judgment as it relates to this claim should be denied.

### iv.  Officer Alexis is Entitled to Qualified Immunity.

Even if Officer Alexis was mistaken as to whether the facts and circumstances surrounding Plaintiff's collision with Officer Conley gave him probable cause to arrest Plaintiff under an intent or recklessness theory, he is still entitled to qualified immunity because his mistake was reasonable and not plainly incompetent.  The First Circuit applies a three-part test for qualified immunity.  Defendants are entitled to qualified immunity unless "(1) the facts alleged show the defendants' conduct violated a constitutional right, and (2) the contours of this right are 'clearly established' under then-existing law (3) such that a reasonable officer would

have known that his conduct was unlawful." Berube v. Conley, 506 F.3d 79, 82 (1st Cir. 2007) (citing Santana v. Calderon, 342 F.3d 18, 23 (1st Cir. 2003)).

The third prong of the qualified immunity analysis allows for reasonable mistakes in judgment. A "reasonable, although mistaken, conclusion about the lawfulness of one's conduct does not subject a government official to personal liability." Lowinger v. Broderick, 50 F.3d 61, 65 (1st Cir. 1995) (quoting Cookish v. Powell, 945 F.2d 441, 443 (1st Cir.1991)). The "qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Lowinger, 50 F.3d at 65 (1st Cir. 1995) (quoting Rivera v. Murphy, 979 F.2d 259, 263 (1st Cir.1992)). "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." Hunter v. Bryant, 502 U.S. 224, 229 (1991) (quoting Davis v. Scherer, 468 U.S. 183, 196 (1984)). In applying the qualified immunity standard, courts are "discourage[d] . . . from assessing what a reasonable officer could or could not believe beyond asking whether his conduct was plainly incompetent." Medeiros v. Town of Dracut, 21 F.Supp.2d 82, 88 (D. Mass.,1998) (citing Hunter, 502 U.S. at 229) (additional citations omitted).

Here, the applicable question is whether, even if probable cause was ultimately lacking, Officer Alexis could have reasonably believed that probable cause existed when he arrested the Plaintiff. See Iacobucci v. Boulter, 193 F.3d 14, 23 (1st Cir. 1999). "[A] police officer should not be found liable under § 1983 for a warrantless arrest because the presence of probable cause was merely questionable at the time of the arrest. His qualified immunity is pierced only if there clearly was no probable cause at the time the arrest was made." Floyd v. Farrell, 765 F.2d 1, 4-5 (1st Cir. 1985). Qualified immunity applies so long as the "presence of probable cause is at least arguable." Floyd, 765 F.2d at 4-5 (citing Briggs v. Malley, 748 F.2d 715, 719 (1st Cir.1984)).

Officer Alexis's observations of the Plaintiff running an uninterrupted straight path directly into Officer Conley and knocking Officer Conley backward down a set of steps created probable cause for Officer Alexis to believe that Plaintiff had committed an assault and battery.  However, even if Officer Alexis's probable cause determination was mistaken, he is nonetheless entitled to qualified immunity because his decision to arrest Plaintiff for an assault and battery on Officer Conley was not so clearly objectively unreasonable that it constituted plain incompetence or a knowing violation of the law.

### B. Officer Alexis Is Entitled to Summary Judgment on the Plaintiff's MCRA Claim (Count VIII).

In Count VIII of his Complaint, the Plaintiff asserts a claim pursuant to the MCRA.  He also moves for summary judgment on this claim, arguing that Officer Alexis's pursuit of him constituted an unlawful seizure in violation of Article 14 of the Massachusetts Declaration of Rights.  Officer Alexis is entitled to summary judgment on the Plaintiff's MCRA claim, and the Plaintiff's request for summary judgment on his MCRA claim must be denied because it is undisputed that during Officer Alexis's pursuit of the plaintiff, the Plaintiff was not seized and was not subject to threats, intimidation or coercion, as required under the MCRA.

### i. Officer Alexis's Pursuit of the Plaintiff Was Not a Seizure and Cannot Serve as the Basis of Plaintiff's MCRA Claim because Plaintiff Was Not Aware That Officer Alexis Was Pursuing Him.

As Plaintiff points out in his Motion for Summary Judgment, Article 14 of the Massachusetts Declaration of Rights allows for a broader definition of what constitutes a seizure than does the Fourth Amendment.  <u>See</u> Plaintiff's Motion at pp.6-7.  The Fourth Amendment requires an actual restraint upon an individual's freedom of movement in order for a seizure to occur.  <u>Hodari D.</u>, 499 U.S. 621, 626-628 (1991).  However, the Massachusetts Supreme Judicial Court has held that "a pursuit, which, objectively considered, indicates to a person that he would

not be free to leave the area (or to remain there) without first responding to a police officer's inquiry, is the functional equivalent of a seizure . . . which infringes considerably on the person's freedom of action." <u>Commonwealth v. Stoute</u>, 422 Mass. 782, 789 (1996).

Even though a pursuit can constitute a seizure under Article 14, it is clear that Plaintiff was not seized because he was not even aware that he was being pursued. <u>See</u> SOF at ¶12.  A person is seized under Article 14 "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." <u>Commonwealth v. Ramos</u>, 430 Mass. 545, 548 (2000) (quoting <u>Commonwealth v. Borges</u>, 395 Mass. 788, 791 (1985)).  A person cannot be seized under Article 14, or under any logical definition of what constitutes a seizure, if that person does not even know that he or she is being pursued.  Surely, a pursuit could not restrain a person that is unaware of the pursuit, or make such a person believe he or she was not free to leave.  In his motion for summary judgment, the Plaintiff relies on <u>Stoute</u>, in which the criminal defendant was aware of the pursuit after him and, as a result, fled and discarded evidence.  <u>Stoute</u>, 422 Mass. at 784.  The Massachusetts Supreme Judicial Court held that the defendant had been seized by the officer's pursuit, in part, because the pursuit indicated to the defendant that he was not free to leave without first responding to a police officer's inquiry and that the pursuit infringed considerably upon the defendant's freedom of action.  <u>Id.</u> at 789.

Although there is a dispute of fact regarding whether Officers Sullivan interacted with the Plaintiff in the lobby of 214 Harvard Street before Plaintiff exited the building, it is undisputed that Plaintiff was never aware that he has being pursued by Officers Sullivan and Alexis.  <u>See</u> SOF at ¶¶ 9, 12.  As such, the undisputed facts demonstrate that Officer Alexis's pursuit of the

Plaintiff could not have restrained Plaintiff's freedom of movement in any way, and did not indicate to Plaintiff that he was not free to leave.  See SOF at ¶12.

### ii. Officer Alexis's Pursuit of the Plaintiff Did Not Constitute Threats, Intimidation or Coercion under the MCRA.

To prevail on an MCRA claim, a plaintiff must prove that (1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion.  Swanset Dev. Corp. v. Taunton, 423 Mass. 390, 395 (1996) (citation omitted).  Even if Officer Alexis's pursuit of the Plaintiff without Plaintiff's knowledge could constitute a seizure, it is clear that this pursuit did not constitute threats, intimidation, or coercion.

A "threat" means "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm."  Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467 (1994).  Intimidation means putting a person in fear for the purpose of compelling or deterring conduct.  Id.  Coercion is the application of such force to another, either physical or moral, as to constrain him to do against his will something he would not otherwise do.  Id.  The elements of "threats" and "intimidation" under the MCRA usually require actual or threatened physical force.  Kennie v. Natural Res. Dep't of Dennis, 451 Mass. 754, 763 (2008); Ayasli v. Armstrong, 56 Mass. App. Ct. 740, 751–52 (2002).  Coercion, however, is a broader category that may rely on physical, moral, or economic coercion.  See Kennie, 451 Mass. at 763; Haufler v. Zotos, 446 Mass. 489, 505 (2006).  Proof of threats, intimidation, or coercion normally requires a showing of an actual or potential physical confrontation accompanied by a threat of harm.  Lecrenski Bros. Inc. v. Johnson, 312 F.Supp.2d 117 (D. Mass.2004).  Because courts are wary of turning the MCRA into an open ended vehicle to obtain a remedy for general tortuous

activity, they have held that the MCRA requires that a plaintiff's perception of a threat, intimidation, or coercion be objectively reasonable.  Meuser v. Federal Express Corp., 524 F. Supp. 2d 142, 148 (D. Mass. 2007), aff'd, 564 F.3d 507 (1st Cir. 2007).

The Plaintiff does not cite and Defendant cannot locate any case which holds that a pursuit, in and of itself, can constitute threats, intimidation or coercion under the MCRA. However, even if pursuit could satisfy the requirements of the MCRA, it is undisputed that the Plaintiff was never threatened, intimidated or coerced by Officer Alexis's pursuit of him because he did not perceive that he was being pursued.  See SOF at ¶12.

### iii. To the Extent that Plaintiff's MCRA Claim Is Based on His Allegation of False Arrest, Officer Alexis is Entitled to Summary Judgment Because He Had Probable Cause to Arrest the Plaintiff.

As previously discussed in section IV(A)(ii) *supra*, addressing Plaintiff's § 1983 claim, the Plaintiff's arrest was lawfully supported by probable cause.  As such, to the extent that the Plaintiff's MCRA claim is based on Officer Alexis's handcuffing of the Plaintiff or Plaintiff's alleged false arrest and false imprisonment, Officer Alexis is entitled to summary judgment.

### iv. Officer Alexis is Entitled to Summary Judgment on the Plaintiff's MCRA Claim because Allegations Concerning Direct Deprivation of Constitutional Rights Are Not Sufficient to Establish a Claim under the MCRA.

The Plaintiff's claim under the MCRA is also legally deficient because he solely alleges direct deprivations of his constitutional rights.  "On its face, the MCRA contemplates a two-part sequence: (1) the defendant threatens, intimidates, or coerces the plaintiff in order to (2) cause the plaintiff to give up something that the plaintiff has the constitutional right to do."  Spencer v. Roche, 755 F.Supp.2d 250, 267 (D. Mass. 2010); Goddard v. Kelley, 629 F. Supp. 2d 115, 238 (D. Mass. 2009).  As explained in Goddard, the MCRA applies where a defendant threatens,

intimidates or coerces a plaintiff in an attempt to stop the plaintiff from engaging in some protected activity, such a the right to vote.  See id.  In Goddard, the Court explained:

> The two constitutional rights at stake are the right to be free from excessive force and the right to be free from false arrest.  If the [MCRA] applies, it would mean that the defendants assaulted the plaintiff in order to cause the plaintiff to give up his right to be free from excessive force, or threatened arrest in order to cause him to give up his right to be free from false arrest.  Such a construction would torture the statute well beyond its plain meaning.

Id.  See also  Columbus v. Biggio, 76 F. Supp. 2d 43, 54 (D. Mass. 1999) (citing Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 396 (1996)) ("a direct deprivation of right, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do."); Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989) ("A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the [MCRA]."). Gallagher v. Commonwealth of Massachusetts, No. CIV.A. 00-11859-RWZ, 2002 WL 924243 (Sup. Ct. Ma. Mar. 11, 2002) ("The use of force is not, in itself, 'coercive' within the meaning of the act unless such force is inflicted in order to achieve some further purpose.").

Like the plaintiff in Goddard, the Plaintiff has failed to establish that by arresting the Plaintiff, Officer Alexis attempted to interfere with a constitutionally-protected activity in which Plaintiff sought to engage.  Rather, Plaintiff simply alleges that he was unlawfully arrested in order to cause him to give up his right to be free from unlawful seizures.  Plaintiff's claim, therefore, fails because the constitutional violation itself cannot also serve as the prerequisite "threats, intimidation or coercion" under the MCRA.  Accordingly, Officer Alexis is entitled to summary judgment on the Plaintiff's MCRA claim because the Plaintiff has only alleged direct deprivations of his constitutional rights.

**v.   Officer Alexis Is Entitled to Qualified Immunity on the Plaintiff's MCRA Claim.**

Officer Alexis is entitled to qualified immunity on the Plaintiff's MCRA claim for the same reasons set forth in section IV(A)(iv) *supra*, regarding why he is entitled to qualified immunity on the Plaintiff's § 1983 claim.   See Duarte v. Healy, 405 Mass. 43, 46 (1989) (adopting federal qualified immunity standard with respect to claims under the MCRA).

**C.   Officer Alexis Is Entitled to Summary Judgment on Plaintiff's State Law Claims for False Arrest (Count II) and False Imprisonment (Count V) because the Arrest of Plaintiff Was Supported by Probable Cause.**

The Plaintiff's claim of false arrest against Officer Alexis is based on his allegation that Officer Alexis arrested him without probable cause.   His false imprisonment claim is presumably based on Officer Alexis's act of handcuffing him and maintaining custody over him for a short time after his arrest.   The elements of these two torts are nearly identical.   In fact, "every claim for false arrest includes a claim for false imprisonment, although a defendant may be liable for false imprisonment without proof an arrest."   Lucas v. City of Boston, No. 07-cv-10979-DPW, 2009 WL 1844288, * 25 (D. Mass. June 19, 2009).   To prove false arrest, a plaintiff must show: (1) that the defendant arrested the plaintiff, and (2) that the arrest was without probable cause. Id. at *25 (citing Massachusetts Superior Court Civil Practice Jury Instructions § 23.5 (MCLE, Inc. 1998 & Supp. 2001, 2003)).   To prove false imprisonment, a plaintiff must show that the defendant intentionally and unjustifiably confined the plaintiff, either directly or indirectly, and the plaintiff was either conscious of the confinement or was harmed by it.   Noel v. Town of Plymouth, 895 F. Supp. 346, 354 (D. Mass. 1995).

The presence of probable cause to arrest is a complete defense to both the torts of false arrest and false imprisonment.   See Philbrook v. Perrigo, 637 F.Supp.2d 48, 53 (D. Mass. 2009); see also LaFrenier v. Kinirey, 478 F.Supp.2d 126, 142 (D. Mass. 2007) (citing M.G..L. c. 231, §

94A));[1] Chervin v. Travelers Ins. Co., 448 Mass. 95 (2006).  As discussed in section IV(A)(ii)

*supra,* Officer Alexis had probable cause to arrest the Plaintiff for assault and battery on Officer

Conley.[2]  Therefore, for the same reasons he is entitled to summary judgment on the Plaintiff's

§ 1983 and MCRA claims, Officer Alexis is entitled to summary judgment on the Plaintiff's state

law claims for false arrest and false imprisonment.

**D. Officer Alexis Is Entitled to Summary Judgment on Plaintiff's Malicious Prosecution Claim (Count III) Because No Criminal Complaint Ever Issued Against the Plaintiff and Officer Alexis Had Probable Cause to Apply for a Criminal Complaint Against the Plaintiff.**

In Count III of his Complaint, the Plaintiff alleges that Officer Alexis maliciously filed

and pursued a charge of assault and battery on a police officer against him.  To prevail on a

malicious prosecution claim, a plaintiff must show: (1) that the defendant commenced a criminal

proceeding against the plaintiff; (2) the proceeding terminated in the plaintiff's favor; (3) there

was no probable cause for the charges; and (4) actual malice[3].  Nieves v. McSweeney, 241 F.3d

46, 53 (1st Cir. 2001) (citation omitted).

Under Massachusetts law, "mere application for a criminal complaint, without issuance

of the complaint, is insufficient to support a cause of action" for malicious prosecution.  Fletcher

v. Wagner, 221 F.supp.2d 153, 154 (D. Mass 2002).  Officer Alexis is entitled to summary

---

[1] M.G.L. c. 231, § 94A provides that "[i]f a person authorized to make an arrest shall have probable cause to believe that a misdemeanor for which he may make an arrest is being committed in his presence, such probable cause shall be a defence [sic] in an action brought against him for false arrest or imprisonment."

[2] It is unclear what damages Plaintiff could allege arise from these state law claims, or his § 1983 and MCRA counts to the extend they are based on a claim of unlawful arrest, as it is undisputed that Plaintiff was only in police custody during the brief period of time between his arrest and his arrival at the hospital. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 888 (5th ed. 1984); Heck v. Humphrey, 512 U.S. 477, 584 (1994).

[3] To show malice, the plaintiff must show that the accuser knew "there was no probable cause for the prosecution and" that he "personally acted with an improper motive or he knew that [the other accusing party] was motivated by malice." Beecy v. Pucciarelli, 387 Mass. 589, 593-594 (1982).

judgment on this claim because it is undisputed that although Officer Alexis applied for a criminal complaint against the Plaintiff, no criminal complaint was ever issued against the Plaintiff.  See SOF at ¶43; see also Fletcher v. Wagner, 221 F.Supp.2d 153, 155 (D. Mass. 2002) (emphasis added) (granting defendant summary judgment on the plaintiff's malicious prosecution claim and stating: "[I]in Massachusetts a claim for malicious prosecution will only lie if a criminal complaint actually issues.  *Mere application for a complaint will not be enough*."); Stromberg v. Costello, 456 F. Supp. 848, 850 (D. Mass. 1978) (holding that the complaint did not state a claim for malicious prosecution where no criminal proceedings resulted from the defendant's applications for criminal complaint).  Officer Alexis is also entitled to summary judgment on Plaintiff's malicious prosecution claim because Plaintiff's arrest was supported by probable cause and Plaintiff has failed to produce any evidence that Officer Alexis acted with actual malice in pursuing a criminal complaint against him.

**E. Officer Alexis Is Entitled to Summary Judgment on Plaintiff's Abuse of Process Claim (Count IV).**

The Plaintiff has failed to provide sufficient evidence to sustain his claim for abuse of process.  As such, this claim must also be dismissed as a matter of law.  "The tort of malicious abuse of process consists [of] the use of lawful process primarily for a purpose for which it is not designed."  Gutierrez v. Massachusetts Bay Transp. Authority, 437 Mass. 396, 407-408 (2002), (citing J.R. Nolan & L.J. Sartorio, Tort Law § 82, at 108 (2d ed.1989)).  To establish an abuse of process claim, a plaintiff must show that "(1) process was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage."  Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-776 (1986) (internal citation marks and quotation omitted).  Probable cause is irrelevant to an abuse of process claim.  See Gutierrez v. Massachusetts Bay Transp. Authority, 437 Mass. 396, 407-408 (2002).  The term "[p]rocess, in the context of abuse of process means causing

papers to be issued by a court to bring a party or property within its jurisdiction." <u>Vittands v. Sudduth</u>, 49 Mass.App.Ct. 401, 406 n.9 (2000) (internal quotations and citations omitted).   It must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.   <u>Beecy v. Pucciarelli</u>, 387 Mass. 589, 595 (1982).   The defendants must have used criminal process for coercion or harassment to obtain something that is not properly part of the proceedings.   <u>Broadway Management Services, Ltd. v. Cullinet Software, Inc.</u>, 652 F. Supp. 1501, 1503 (D. Mass. 1987).   <u>See also</u> <u>Cohen v. Hurley</u>, 20 Mass.App.Ct. 439, 442 (1985) (quoting from Prosser & Keeton, Torts, § 121, at 898 (5th ed. 1984)) (describing abuse of process as a "form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money . . . .").   There is no liability for abuse of process "where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."   <u>Antelman v. Lewis</u>, 480 F. Supp. 180, 186 (D. Mass. 1979).

Officer Alexis is entitled to summary judgment on the Plaintiff's abuse of process claim because there is no evidence whatsoever in the discovery record to suggest that Officer Alexis had an ulterior motive for applying for the criminal complaint.   Rather, Officer Alexis sought a criminal complaint against the Plaintiff for the same crime that he placed Plaintiff under arrest for committing: assault and battery on Officer Conley.   <u>See</u> SOF at ¶32.   Aside from his conclusory allegations concerning Officer Alexis's alleged ulterior motive, there are no facts in the record to support Plaintiff's claims that Officer Alexis filed an application for a criminal complaint against him to discourage him from seeking redress, or to cover up any wrongful actions the Plaintiff accuses Officer Alexis of committing against him.   In short, Officer Alexis's

application for a criminal complaint against Plaintiff was used to prosecute the Plaintiff for committing an assault and battery on Officer Conley.

Officer Alexis is also entitled to summary judgment on Plaintiff's abuse of process claim because Plaintiff has failed to make the required showing that Officer Alexis's use of the legal process caused the Plaintiff any damage.  To succeed in his abuse of process claim, Plaintiff must prove that the alleged abuse resulted in damage.  Datacomm Interface, Inc, 396 at 775-776. It is undisputed that no criminal complaint ever issued against the Plaintiff and that Plaintiff's probationary status was also not affected by Alexis's complaint application.  SOF at ¶¶43-44.  As such, Officer Alexis is entitled to summary judgment on the Plaintiff's abuse of process claim.

**F.  Officer Alexis Is Entitled to Summary Judgment on Plaintiff's Assault and Battery Claim (Count I).**

Officer Alexis is also entitled to summary judgment on the Plaintiff's assault and battery claim.  Where a plaintiff alleges both a § 1983 excessive force claim and common law claims for assault and battery, the court's determination of the reasonableness of the force used under § 1983 controls its determination of the reasonableness of the force used under the common law assault and battery claims.  See Dean v. City of Worcester, 924 F.2d 364, 369-70 (1st Cir. 1991). Therefore,  Officer Alexis is entitled to summary judgment on Plaintiff's assault and battery claim for the same reasons set forth in section IV(A)(iii) *supra*, addressing Plaintiff's § 1983 claim.  Specifically, there are no facts within the discovery record which demonstrate that Officer Alexis used excessive force upon the Plaintiff.

**G.  Officer Alexis Is Entitled to Summary Judgment on Plaintiff's Intentional Infliction of Emotional Distress Claim (Count VI) Because His Actions Were Not Extreme and Outrageous.**

Officer Alexis is entitled to summary judgment on the Plaintiff's claim for intentional infliction of emotional distress.  To succeed on this claim, the Plaintiff must prove: (1) that

Officer Alexis intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that Officer Alexis's conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community"; (3) that Officer Alexis's actions were the cause of the Plaintiff's distress; and (4) that his emotional distress was "severe" and of a nature "that no reasonable man could be expected to endure it."  See Agis v. Howard Johnson Co., 371 Mass. 140 (1976) (citations omitted); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996). "To be considered extreme and outrageous, the defendant's conduct must be beyond all bounds of decency and . . . utterly intolerable in a civilized community. Liability cannot be founded upon mere insults, threats, or annoyances." Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987).  It is not enough that the defendant acted with a tortuous or criminal intent, that he intended to inflict emotional distress, or even that his conduct has been characterized by malice.  Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997).

Officer Alexis is entitled to summary judgment on the Plaintiff's claim for intentional infliction of emotional distress because Plaintiff has failed to prove that Officer Alexis engaged in any extreme and outrageous behavior that could support such a claim.  The undisputed facts reveal that Officer Alexis did the following: pursued, handcuffed and pat-frisked the Plaintiff, maintained custody over the Plaintiff while Plaintiff was transported to the hospital, signed and filed an application for a criminal complaint against Plaintiff for assault and battery, and participated in a probable cause hearing regarding Plaintiff's criminal charge.  See SOF at ¶¶11, 31-33, 39, 42-43.  Viewing the facts in the light most favorable to the Plaintiff, none of these facts could conceivably be deemed extreme and outrageous.

Indeed, even if the court found that the charges for which the Plaintiff was arrested later proved to be false, this would not give rise to a claim for intentional infliction of emotional distress.  See Finucane v. Town of Belchertown, 808 F. Supp. 906, 911 (D. Mass. 1992) (granting summary judgment on the plaintiff's intentional infliction of emotional distress claim and holding that the defendant's conduct was not extreme and outrageous and stating: "[w]hile it is reasonable to conclude that, for most people, arrest is a traumatic experience, especially if the charges later prove to be false . . . this factor alone does not give rise to a claim for intentional infliction of emotional distress."); see also Sietins v. Joseph,  238 F. Supp. 2d 366 (D. Mass. 2003) (granting summary judgment on the plaintiff's intentional infliction of emotional distress claim and stating in part: "[W]here probable cause was at least arguable, and a reasonably objective police officer could have determined, based on the evidence that was available at the time of the arrest, that [the plaintiff] participated in the armed robbery, this court finds that the defendant's conduct cannot be deemed extreme and outrageous.").  Accordingly, Officer Alexis is entitled to summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

IV.  **CONCLUSION**

For the foregoing reasons, Officer Alexis respectfully requests that this Court grant him summary judgment on all claims against him as alleged in Counts I through VIII of the Plaintiff's Complaint.  Officer Alexis further requests that the Court deny the Plaintiff's Motion for Summary Judgment against him.

Respectfully submitted,

DEFENDANT, ANTHONY ALEXIS

By his attorney:
Corporation Counsel,
William F. Sinnott

/s/Evan C. Ouellette
Evan C. Ouellette, BBO# 655934
Raquel J. Webster, BBO# 658796
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048 (ECO)
(617) 635-4042 (RJW)

Dated: July 27, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2011, I filed this document through the Court's CM/ECF system and that paper copies will be sent to those identified as non-registered participants.

/s/Evan C. Ouellette